IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK JONES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BRIAN COLEMAN, *et al*. | : | No. 10-7429 |

### REPORT AND RECOMMENDATION

CAROL SANDRA MOORE WELLS                                                November 30, 2011
CHIEF UNITED STATES MAGISTRATE JUDGE

  Presently before this court is a Petition for a Writ of Habeas Corpus filed *pro se* pursuant to 28 U.S.C. § 2254. Frank Jones ("Petitioner"), currently incarcerated at the State Correctional Institution in Fayette, Pennsylvania, seeks habeas relief based on alleged constitutional violations and sentencing errors. The Honorable R. Barclay Surrick referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that the petition be TRANSFERRED to the Third Circuit Court of Appeals, without a hearing.

### I. FACTUAL AND PROCEDURAL HISTORY[1]

  On November 1, 1989, a Philadelphia County jury convicted Petitioner of aggravated assault, five counts of robbery, and possessing an instrument of a crime. Resp. B at 1. He was sentenced to an aggregate term of imprisonment of twenty to sixty years. *Id*. at 2. Thereafter, Petitioner filed a direct appeal. The Pennsylvania Superior Court affirmed his conviction and sentence; the Pennsylvania Supreme Court denied *allocatur*. Resp. Exs. A and C.

  On July 27, 1994, Petitioner filed a *pro se* petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46. Resp. Ex. A Court-appointed counsel, in a "no merit" letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa.

---

[1] The facts set forth in this factual and procedural history were gleaned from Petitioner's Habeas Corpus Petition ("Pet.") and the Commonwealth's Response ("Resp."), inclusive of all exhibits thereto.

Super. Ct. 1988), explained that there were no issues of merit to be raised in an amended PCRA petition and requested permission to withdraw as counsel. Resp. at 2; Ex. A at 9. On June 8, 1995, the PCRA court dismissed the petition. *Id*. Petitioner, *pro se*, appealed the dismissal and the Pennsylvania Superior Court remanded the matter for further proceedings. Resp. at 2. Court-appointed counsel filed another no-merit letter pursuant to *Finley*. Resp. at 2; Ex. A at 11. On October 29, 1997, the PCRA court dismissed the petition. *Id*. On July 14, 1999, the Pennsylvania Superior Court affirmed the dismissal of the PCRA petition. Resp. Ex. D at 13. Subsequently, Petitioner's *allocatur* petition to the Pennsylvania Supreme Court was denied on December 14, 1999. *Id*. at 15.

On December 18, 2000, Petitioner filed a petition for writ of habeas corpus in the U.S. District Court for the Eastern District of Pennsylvania; on January 26, 2001, Petitioner informed the court that he wished to voluntarily withdraw his petition. Resp. at 2; Resp. Ex. E at 2. On March 1, 2001, the District Court dismissed the petition without prejudice. Resp. at 3; Resp. Ex. E at 2. On September 22, 2002, Petitioner filed a Supplemental Amendment to his petition; the District Court denied Petitioner's motion to amend his previously filed habeas petition. Resp. at 3; Resp. Ex. E at 2-3. On May 23, 2003, the District Court vacated its prior order, and reinstated Petitioner's federal habeas petition.[2] Resp. at 3; Resp. Ex. E at 3. In the petition, Petitioner raised sixteen grounds for relief. Resp. Ex. F at 2-3. Petitioner raised fourteen claims of ineffective assistance of counsel and two due process violation claims. Resp. Ex. F at 2-3.

Initially, the case was assigned to Chief United States Magistrate Judge James R. Melinson. Resp. Ex. E at 3. Chief Judge Melinson reviewed Petitioner's claims and found claim

---

[2] Petitioner provided the District Court with a copy of a habeas petition dated April 21, 2001, that he asserted was filed at that time. Based upon Petitioner's assertion, the District Court accepted the April 21, 2001 petition as timely and properly filed. Resp. at 3; Resp. Ex. F at 2.

one was non-cognizable, claims 11, 13, and 14 were procedurally defaulted and the remaining claims lacked merit. Resp. Ex. F at 6-19. Chief Judge Melinson recommended that the Court deny the petition with prejudice and without issuing a certificate of appealability ("COA"). *Id.* at 19. On April 13, 2004, the Court approved and adopted the Report and Recommendation, denied the petition with prejudice, and refused Petitioner a COA. Resp. Exs. E at 4; G at 1.

While pursuing his federal habeas relief, Petitioner filed a second PCRA petition. Resp. at 3. On January 4, 2005, the PCRA court dismissed the petition as untimely. *Id.* Petitioner appealed the denial and on April 7, 2006, the Pennsylvania Superior Court affirmed the dismissal. Resp. Ex. H at 7. Petitioner did not appeal to the Pennsylvania Supreme Court. Resp. at 3.

Petitioner filed a third PCRA petition that was dismissed as untimely on June 26, 2009. Resp. at 3; Resp. Ex. A at 27. Petitioner appealed and on February 9, 2010, the Pennsylvania Superior Court affirmed the order of dismissal. Resp. Ex. A at 28. Petitioner did not appeal to the Pennsylvania Supreme Court. Resp. at 3.

On August 14, 2011,[3] Petitioner filed the instant habeas petition raising four grounds for relief based on a violation of the Confrontation Clause, lack of jurisdiction of the trial court, and sentencing errors. Pet. at 9-15. The Commonwealth filed a response, on November 28, 2011, recommending that Petitioner's petition be transferred to the Third Circuit Court of Appeals for a determination of whether he has demonstrated cause to file a successive habeas petition.[4]

---

[3] Petitioner signed his petition on August 14, 2011. Pet. at 19. However, the Clerk of Court did not docket this habeas corpus petition until August 24, 2011. Because Petitioner is a *pro se* inmate, his petition must be deemed filed on the date he gave it to prison officials for mailing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

[4] The Respondent has provided the court with the dockets of other federal habeas actions filed by Petitioner that were dismissed without prejudice. Resp. Exs. J, K, and L. Petitioner is a frequent filer and seeks to circumvent the court's jurisdictional restraints to have his successive petition reviewed.

Resp. at 1. This court lacks jurisdiction and recommends the petition be transferred to the Third Circuit Court of Appeals.

## II. DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a "stringent set" of procedures for the presentation of "second or successive" habeas corpus applications to United States District Courts. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (per curiam). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the [petitioner must] move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, AEDPA precludes review of a second or successive petition by the district court without an order of the court of appeals. *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). Absent such an order the "district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Id.*

In general, a petition is "second or successive" when it challenges "the same custody imposed by the same judgment of a state court" challenged in a prior petition. *Burton*, 549 U.S. at 153. In a similar case, *Burton*, the petition was deemed successive. *Id.* at 153. Petitioner Burton had been convicted of rape, robbery, and burglary in state court and sentenced to 562 months in prison in 1994. *Id.* at 149. After an unrelated prior conviction was overturned, Burton was resentenced, leading to an amended judgment and sentence ("1996 judgment"). *Id.* at 150. On appeal, the state court of appeals overturned the 1996 judgment and Burton was resentenced, leading to a second amended judgment and sentence ("1998 judgment"). *Id.* at 150-151. In December 1998, after the 1998 judgment was entered and while his sentence was still on direct appeal, Burton filed a federal habeas petition in United States District Court for the Western

District of Washington to challenge his state conviction ("1998 petition").  *Id.* at 151.  The district court denied relief and the United States Court of Appeals for the Ninth Circuit affirmed.  *Id.*  In 2002, after the conclusion of direct appeal of his sentence, Burton again sought habeas corpus relief in the Western District of Washington ("2002 petition").  *Id.* at 151-152.

The U.S. Supreme Court concluded that Burton's 2002 petition was "second or successive", inasmuch as it "brought claims contesting the same custody imposed by the same judgment of a state court" that was contested in the 1998 petition.  *Id.* at 153.  Moreover, because Burton did not obtain authorization to file a successive petition by the court of appeals, "the District Court was without jurisdiction to entertain it."  *Id.*

Petitioner in the instant case is similarly situated.  In April 2001, he filed an initial federal habeas petition regarding his 1989 judgment, which the district court denied with prejudice.  Resp. Ex. G.  Thus, he was obligated to obtain authorization from the Third Circuit to file a second petition challenging his 1989 judgment.  *See* 28 U.S.C. § 2244(b)(3)(A).  There is no evidence that Petitioner has sought and obtained such authorization, before filing the within petition, thus, this Court lacks jurisdiction.  *See Burton,* 549 U.S. at 153.

This Court has two options; it may either dismiss the petition or transfer it to the court of appeals, pursuant to 28 U.S.C. § 1631, so that Petitioner may seek the required authorization.  *Robinson*, 313 F.3d at 139; *see United States v. Enigwe*, 1998 WL 670051, at *5 (E.D. Pa. Sept. 28, 1998) (transferring a successive habeas petition to the court of appeals to avoid unnecessary delay to the petitioner).  In the interest of justice, this court recommends that this case be transferred to the Third Circuit to expedite its disposition by the only court which currently has jurisdiction.

### III.  CONCLUSION

This Court lacks jurisdiction to entertain the instant petition, because Petitioner has previously presented a federal habeas petition, challenging the same judgment as the instant petition, upon which he obtained some merits review.  Thus, the instant petition is a "second or successive" one, for which Petitioner must first obtain authorization from the Third Circuit.  Petitioner has not done so; therefore, this court lacks jurisdiction and recommends the transfer of this petition to the Third Circuit where Petitioner may promptly seek the required authorization.  Accordingly, I make the following:

### RECOMMENDATION

AND NOW, this 30th day of November, 2011, for the reasons contained in the preceding Report, it is hereby RECOMMENDED that all of Petitioner's claims be TRANSFERRED to the U.S. Court of Appeals for the Third Circuit.  Petitioner has not obtained authorization from the Third Circuit to file this successive federal habeas petition; hence, this court lacks jurisdiction to entertain it.

Petitioner may file objections to this Report and Recommendation within fourteen (14) days of being served with a copy of it.  *See* Local R. Civ. P. 72.1(IV).  Failure to file timely objections may constitute a waiver of any appellate rights.
It be so ORDERED.

*/s/ Carol Sandra Moore Wells*
CAROL SANDRA MOORE WELLS
CHIEF UNITED STATES MAGISTRATE JUDGE